IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| RHONDA RENEE JONES,   )  <br> Petitioner,   )  <br>   )  <br> v.   )  <br>   )   Civil No. 7:09-CV-049-O <br> RICK THALER, Director,   )  <br> Texas Department of Criminal Justice,   )  <br> Correctional Institutions Division,   )  <br> Respondent.   ) | |

MEMORANDUM OPINION AND ORDER

This is a petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 by an inmate confined by the State of Texas. On November 12, 2004, in the 30th District Court of Wichita County, Texas, upon her plea of not guilty to charges of possession of a controlled substance (methamphetamine) with intent to deliver and evading arrest and/or detention using a vehicle, Petitioner was tried by jury, found guilty, and sentenced to twenty-five years on the controlled substance charge and two years on the evading arrest and/or detention charge with the sentences to run concurrently. *State v. Jones*, No. 40603-A, (30th Judicial District Court of Wichita County, Nov. 12, 2004) (Clerk's Record pp. 95-98). On April 20, 2006, Jones' conviction was affirmed on direct appeal. *Jones v. State*, 195 S.W. 3d 279 (Tex. App. – Ft. Worth 2006). Her petition for discretionary review was initially granted on October 18, 2006. *Jones v. State*, PD-1170-06 (Tex. Crim. App. 2006); Respondent's Preliminary Response, Exhibit A. However, on October 10, 2007, the Court of Criminal Appeals affirmed the judgment of the Court of Appeals. *Id.* Jones did not file a petition for writ of certiorari to the United States Supreme Court. However, she filed one state habeas application without success.

Petitioner now seeks federal habeas relief on the following grounds:

1. she was denied due process of law because the Texas Health and Safety Code §§ 481.002(5) & (49) are overbroad as applied to her, and;

2. she was denied effective assistance of counsel at the guilt-innocence stage of trial.

*See Petition pp. 6 & 11.*

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") there is a one-year limitation period during which an inmate must file any federal petition for writ of habeas corpus in which he seeks relief under § 2254. The AEDPA provides in pertinent part:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Jones' convictions became final on January 8, 2008, 90 days after the Court of Criminal Appeals affirmed her conviction on Petition for Discretionary Review, when the deadline for filing a petition for writ of certiorari expired. *See* Sup. Ct. Rules 13.1 & 30.1. Therefore, the one-year

statute of limitations ran through January 8, 2009. Although a properly filed state habeas application will toll the statute of limitations, Jones' state habeas application was filed on January 20, 2009, twelve days after the limitation period expired. *Ex parte Jones,* App. No. WR-71,656-01. The original petition in the instant case was filed on March 26, 2009, after the one-year limitation period expired.

Petitioner was afforded an opportunity to show cause as to why her petition should not be dismissed as time-barred. In response, Petitioner argues that "the time to seek certiorari to the United States Supreme Court expired on January 11, 2008, a Sunday,"[1] and that her state habeas application was placed in the United States mail first-class by her attorney "on January 12, 2009, the last day for filing within the one-year federal limitation period." Petitioner's Statement Showing Cause Why Her Petition Should Not Be Dismissed as Time-Barred at p. 1. Petitioner asserts that her petition was considered filed the date it was placed in the mail pursuant to Rule 9.2(b), Texas Rules of Appellate Procedure, which provides that a document is timely filed the date it is sent to the proper clerk by the United States Postal Service first-class mail. *Id.* at pp. 1-2.

Jones has miscalculated her statutory deadline. As previously discussed, her conviction became final for purposes of the federal statute of limitations on January 8, 2008, not January 11, 2008. Even assuming, *arguendo*, that Texas Rule of Appellate Procedure 9.2(b) applies to habeas applications filed with the state district courts, her state habeas mailing on January 12, 2009 was four days after her one-year limitation period had expired. Other than this argument, which fails, Jones has offered no facts, circumstances or argument which could demonstrate that she should be

---

[1] The Court presumes Petitioner is referring to January 11, 2009 which was a Sunday. January 11, 2008 was a Friday.

permitted to proceed with this action despite the statute of limitations. She has not shown that she was prevented from filing her habeas petition by state action in violation of the Constitution or laws of the United States and she has not demonstrated entitlement to equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (holding that the one-year habeas statute of limitations is subject to equitable tolling); *accord United States v. Petty*, 530 F.3d 361, 364 n.5 (5th Cir 2008). Therefore, Jones' attack on her conviction is time-barred.

For the foregoing reasons, it is ORDERED that the petition for writ of habeas corpus is DISMISSED as TIME-BARRED.

Copies of this Order shall be transmitted to Counsel for Petitioner and to Counsel for Respondent.

SO ORDERED this 19th day of July, 2010.

_____
**Reed O'Connor
UNITED STATES DISTRICT JUDGE**